FILED
JUL 26 2005
NF
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PUBLICATIONS INTERNATIONAL, LTD., an Illinois corporation,

Plaintiff,

vs.

CHARLES L. LORD, JR., and HUDSON MARQUEZ, individually and doing business as ANT FARM,

Defendants.

05C 4292

JUDGE GOTTSCHALL

MAGISTRATE JUDGE DENLOW

COMPLAINT

NOW COMES Plaintiff, PUBLICATIONS INTERNATIONAL, LTD., an Illinois corporation, by its attorneys, Wayne B. Giampietro and Stephen G. Daday, and complaining of Defendants CHARLES L. LORD and HUDSON MARQUEZ, individually, and doing business as ANT Farm, alleges as follows:

1. This is a declaratory judgment action pursuant to 28 U.S.C. Sections 1332, 1338, 2201, 2202, for the purpose for determining an actual controversy between the parties.

2. This action arises out of a controversy over the alleged validity, scope, enforceability and infringement of Defendant's claimed copyright. In this regard, the action involves the Copyright Act 17 U.S.C. Section §1 et seq. In addition, there is complete diversity of citizenship between the parties and this Court has jurisdiction of this cause pursuant to 28 U.S.C. 1332(a)(1).

3. Plaintiff Publications International, Ltd. is an Illinois corporation having its principle regular and established place of business at 7373 North Cicero, Lincolnwood, Illinois in this judicial district and division.

4. Defendants LORD, and MARQUEZ are individuals who reside in the State of California. They are authors of a sculpture entitled "Cadillac Ranch" which is located in a wheat field visible from the public highway near Amarillo, Texas. That sculpture consists of ten Cadillac automobiles half-buried, front-end down in the soil, and painted a variety of colors.

5. Defendants maintain a Web Site entitled "Official Ant Farm Cadillac Ranch Page" through a Belgium Corporation named "Hostbasket NV," which Website publicizes the sculpture and invites persons to view it personally.

6. Defendants sell a Videotape describing the creation of "Cadillac Ranch" through a web site maintained by Facets Multimedia, through which persons throughout the world, including in the State of Illinois, may purchase two videotapes entitled "Cadillac Ranch" and "Media Burn," the latter of which is described as a performance piece. Facets Mult-Media, Inc. is an Illinois Corporation, with its principal place of business at 1517 W. Fullerton Ave., Chicago, Illinois, within this District. Defendants are doing business in this State and District.

7. Venue is proper in this District.

8. Plaintiff Publications International, Ltd. is a publishing company which publishes a wide variety of consumer information and resource books and periodicals which evaluate, critique and comment upon products and current events which impact the purchasing public.

9. Plaintiff provides a vast array of information to assist the public in making informed, educated decisions about the purchase of entertainment and both tangible and intangible consumer goods.

10. In the year 2004, Plaintiff Publications International, Ltd. published a book entitled "Roadside Americana", which book contains photographs and commentary regarding several sites which can be seen while driving the highways of the United States. Among the photographs contained within Plaintiff's book are photographs of Cadillac Ranch, which Plaintiff acquired through a free lance photographer who owns the copyright to those photographs, and who specifically granted permission to Plaintiff to reproduce those photographs in its book.

11. On May 23, 2005, Defendants by their attorneys, wrote to Plaintiff's attorney, claiming that the publication of Plaintiffs book constituted a violation of the Copyright Act and demanding that Plaintiff obtain a license to cover the book which it has published. A copy of this letter is attached hereto as Exhibit "A" and incorporated by reference as though fully set forth herein.

12. An actual and justiciable controversy exists between Plaintiff and Defendants.

13. The publication and/or sale of Plaintiffs book does not infringe upon any rights owned or claimed to be owned by defendants, as Plaintiff's book is purely descriptive of various items clearly visible to anyone in the vicinity of the various items depicted therein, including Cadillac Ranch. Plaintiff's use of the photographs of Defendants' copyrighted sculpture is clearly a fair use authorized by the Copyright Act.

14. Any attempt by Defendants to claim that they may interfere in any way with Plaintiff's freedom to sell its book throughout the United States will interfere with Plaintiff's right to freely trade in commerce throughout the United States as guaranteed by Article I, Section 8 of the Constitution of the United States and would be a prior restraint upon free speech as guaranteed by the First Amendment to the Constitution of the United States.

15. Plaintiff has no adequate remedy at law, and unless restrained as prayed for herein, Defendants will continue to claim that Plaintiff's book infringes their rights and to interfere with Plaintiff's ability to freely sell its book.

WHEREFORE, Plaintiff prays as follows:

A. The Court Declare the rights of the parties and declare that Plaintiff has the full and unfettered right to publish and sell its book entitled "Roadside Americana" and that the publication and sale of that book in no way infringes any rights owned or purportedly owned by defendants.

B. Defendants, their agents, servants, employees and attorneys be preliminarily and permanently enjoined from asserting or threatening to assert against Plaintiff, Plaintiff's customers, Plaintiff's distributors, Plaintiff's potential customers or purchasers of Plaintiff's book, any charge of infringement of any rights based on the publication or sale of said book or any variation or subsequent edition thereof offered for sale by Plaintiff.

C. Defendant and its agents, servants, employees and attorneys be preliminarily and permanently enjoined from filing or prosecuting any civil action, or assisting in any action against Plaintiff, its customers, distributors, potential customers or readers of its book for alleged infringement of Defendants' alleged rights based on publication or sale of Plaintiff's book or any

subsequent edition thereof offered by Plaintiff.

D. Plaintiff be awarded its costs and reasonable attorney's fees.

E. Plaintiff be awarded such other and further relief as justice may require.

Wayne B. Giampietro
Stephen G. Daday
Attorneys for Plaintiff

Of Counsel:
STITT, KLEIN, DADAY, ARETOS & GIAMPIETRO
121 S. Wilke Road, Suite 500
Arlington Heights, Illinois 60005
(847) 590-8700; Fax: (847) 590 9825

LAW OFFICES OF

MATTHEW S. WATSON

SUITE 116
2301 N STREET, N.W.
WASHINGTON, D.C. 20037

(202) 728-0908

ALSO ADMITTED
NEW YORK
MARYLAND

May 23, 2005

Wayne B. Giampietro, Esq.
Stitt, Klein, Daday, Aretos and Giampietro
121 S. Wilke Road, Suite 500
Arlington Heights, IL 60005

Re: Cadillac Ranch/
Roadside America

Dear Mr. Giampietro:

I have received your letter of May 17, 2005, on behalf of Publications International, Ltd. Your letter indicates that "[t]he photographs of Cadillac Ranch which appear in [*Roadside Americana*] were acquired by PIL from the owners of the photographs with full permission to use them in the publication." It appears that you are unaware that the Cadillac Ranch sculpture is itself copyrighted. I have enclosed a copy of the United States Copyright Registration. While the photographer may have authority transfer rights to the photographs, the photographer does not have the right to authorize use of the copyrighted image of the sculpture. The Ant Farm, owners of the copyrighted image of Cadillac Ranch, have not authorized either Mr. Parent or PIL to publish the image.

Contrary to your assertions, the images are clearly being used for commercial exploitation in a trade, 'coffee table' book and not in a scholarly publication. Further, their use in the book is excessive. The images are used on a one and one-half page spread, an additional full page picture and a third one-third page picture. The Cadillac Ranch images appear on all or part of 4 pages. No other image appears on more than 2 pages. The entire publication includes less than 40 words of text concerning the Cadillac Ranch sculpture.

It is indeed ironic that PIL gives notice at the front of the book of its own intellectual property rights and specifically notes that "Permission is never granted for commercial purposes," while showing little regard for others' creativity which it has expropriated. Although the author of the book notes that Cadillac Ranch was created by the Ant Farm, he conveniently ignores and fails to give notice of their copyright. The artist owners of the copyright do not permit any use of the images of Cadillac Ranch without securing a license and payment of royalties. Licenses have been secured before publication and royalties paid to the Ant Farm for nonfiction publication of the Cadillac Ranch image in publications ranging from third and fourth grade textbooks, to travel magazine articles, to automobile association calendars, none of which were advertising or product related. .



This is to formally request that Publications International, Ltd. confirm that the Cadillac Ranch images used in *Roadside Americana* were purchased from Laurence Parent Photography and that PIL account for the number of copies of *Roadside Americana* which PIL produced and the number of copies which it has sold so that we may discuss an equitable resolution of this matter.

Sincerely,

Matthew S. Watson
Counsel to the Ant Farm

CERTIFICATE OF COPYRIGHT REGISTRATION

COPYRIGHT OFFICE LIBRARY OF CONGRESS OFFICIAL SEAL

UNITED STATES COPYRIGHT OFFICE

This certificate issued under the seal of the Copyright Office in accordance with the provisions of section 410(a) of title 17, United States Code, attests that copyright registration has been made for the work identified below. The information in this certificate has been made a part of the Copyright Office records.



REGISTER OF COPYRIGHTS
*United States of America*

REGISTRATION NUMBER
VA 127-272
VA VAU

EFFECTIVE DATE OF REGISTRATION
FEB 10 1983
Month Day Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED ADDITIONAL SPACE, USE CONTINUATION SHEET (FORM VA/CON)

**1 Title**

TITLE OF THIS WORK: CADILLAC RANCH

NATURE OF THIS WORK: (See instructions) SCULPTURE

Previous or Alternative Titles: ...

PUBLICATION AS A CONTRIBUTION: (If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.)

Title of Collective Work: ... Vol. ... No. ... Date ... Pages ...

**2 Author(s)**

IMPORTANT: Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). If any part of this work was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates blank.

1. NAME OF AUTHOR: CHARLES L. LORD, JR.
Was this author's contribution to the work a "work made for hire"? Yes ..... No X
DATES OF BIRTH AND DEATH: Born 1944 (Year) Died ...... (Year)
AUTHOR'S NATIONALITY OR DOMICILE: Citizen of U.S. (Name of Country) or Domiciled in ...... (Name of Country)
WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK: Anonymous? Yes ..... No X; Pseudonymous? Yes ..... No X
If the answer to either of these questions is "Yes," see detailed instructions attached.
AUTHOR OF: (Briefly describe nature of this author's contribution) Co-Author

2. NAME OF AUTHOR: HUDSON MARQUEZ
Was this author's contribution to the work a "work made for hire"? Yes ..... No X
DATES OF BIRTH AND DEATH: Born 1946 (Year) Died ...... (Year)
AUTHOR'S NATIONALITY OR DOMICILE: Citizen of U.S. (Name of Country) or Domiciled in ...... (Name of Country)
WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK: Anonymous? Yes ..... No X; Pseudonymous? Yes ..... No X
If the answer to either of these questions is "Yes," see detailed instructions attached.
AUTHOR OF: (Briefly describe nature of this author's contribution) Co-Author

3. NAME OF AUTHOR: DOUG MICHELS
Was this author's contribution to the work a "work made for hire"? Yes ..... No X
DATES OF BIRTH AND DEATH: Born 1943 (Year) Died ...... (Year)
AUTHOR'S NATIONALITY OR DOMICILE: Citizen of U.S. (Name of Country) or Domiciled in ...... (Name of Country)
WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK: Anonymous? Yes ..... No X; Pseudonymous? Yes ..... No X
If the answer to either of these questions is "Yes," see detailed instructions attached.
AUTHOR OF: (Briefly describe nature of this author's contribution) Co-Author

**3 Creation and Publication**

YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED: Year 1974
(This information must be given in all cases.)

DATE AND NATION OF FIRST PUBLICATION: Date June (Month) 10 (Day) 1974 (Year)
Nation U.S.A. (Name of Country)
(Complete this block ONLY if this work has been published.)

**4 Claimant(s)**

NAME(S) AND ADDRESS(ES) OF COPYRIGHT CLAIMANT(S):

Charles L. "Chip" Lord, Jr.*
7315 La Jolla Blvd.
La Jolla, CA 92037

Hudson Marquez *
114 N. Sweetzer, #3
Los Angeles, CA 90048

Doug Michels
617 1/4 N. Syc
Los Angeles, C
90036

TRANSFER: (If the copyright claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.)

Attachment A